Filed 11/3/14  P. v. Ramos CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHELL RAMOS,<br><br>    Defendant and Appellant. | B253419<br><br>(Los Angeles County<br>Super. Ct. No. BA393515) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ray G. Jurado, Judge.  Affirmed.

Hart Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*

Michell Ramos appeals from a judgment of conviction following his no contest plea to one count of robbery and one count of carjacking. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm the judgment.

We will correct two clerical errors in the abstract of judgment.

## PROCEDURAL HISTORY

Following a crime spree with codefendant Jose Alfredo Salas, appellant was charged with 15 counts and special allegations as follows:

- Count 3: robbery (Pen. Code, § 211)[1] with a section 12022, subdivision (b)(1) allegation.

- Count 4: kidnapping to commit another crime (§ 209, subd. (b)(1)), with sections 12022.53, subdivision (b) and 12022, subdivision (a)(2) allegations.

- Count 5: robbery (§ 211), with sections 12022.53, subdivision (b) and 12022, subdivision (a)(2) allegations.

- Count 6: attempted kidnapping (§§ 664/207, subd. (a)), with a section 12022.53, subdivision (b) allegation.

- Count 7: assault with a firearm (§ 245, subd. (a)(2)), with a section 12022.5, subdivision (b) allegation.

- Count 8: kidnapping to commit another crime (§ 209, subd. (b)(1)), with a section 12022.53, subdivision (b) allegation.

- Count 9: robbery (§ 211), with a section 12022.53, subdivision (b) allegation.

- Count 10: kidnapping to commit another crime (§ 209, subd. (b)(1)), with a section 12022.53, subdivision (b) allegation.

- Count 11: robbery (§ 211), with a section 12022.53, subdivision (b) allegation.

- Count 12: robbery (§ 211), with sections 12022.53, subdivision (b) and 12022, subdivision (a)(1) allegations.

---

[1] All undesignated statutory citations are to the Penal Code unless otherwise noted.

- Count 13: robbery (§ 211), with sections 12022.53, subdivision (b) and 12022, subdivision (a)(1) allegations.

- Count 14: kidnapping to commit another crime (§ 209, subd. (b)(1)), with sections 12022.53, subdivision (b) and 12022, subdivision (a)(1) allegations.

- Count 15: carjacking (§ 215, subd. (a)), with sections 12022.53, subdivision (b) and 12022, subdivision (a)(1) allegations.

- Count 16: robbery (§ 211), with sections 12022.53, subdivision (b) and 12022, subdivision (a)(1) allegations.

- Count 18: carjacking (§ 215, subd. (a)), with a section 12022.53, subdivision (b) allegation.

The trial court granted appellant's motion to dismiss count 6; the section 12022.53, subdivision (b) allegation in count 3; the section 12022, subdivision (a)(2) allegations in counts 4 and 5; and the section 12022.5, subdivision (b) allegation in count 7.[2]

On September 16, 2013, appellant moved to remove his trial counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). The court conducted a hearing with appellant and his counsel out of the presence of the prosecution and denied the motion.

The court held a change of plea hearing pursuant to a plea bargain, during which appellant was represented by counsel and assisted by a Spanish-language interpreter. He was informed he faced "more than one life sentence plus an additional term over 20 years." He was advised of and waived his trial rights and acknowledged and accepted all

---

[2]     The trial court's minute order inconsistently stated the court dismissed the section 12022, subdivision (a)(2) allegation in count 4, but the "motion pursuant to section 995 Penal Code is denied as to count 4." We presume the trial court dismissed the allegation because it was struck by interlineation in the information with the notation, "dismissed P.C. 995." We note two additional errors in the minute order. The trial court dismissed the section 12022.53, subdivision (b) allegation in count 3, but no such allegation was pled in the information. Also, the minute order incorrectly identified section 12022.53, subdivision (b) in count 7 instead of section 12022.5, subdivision (b), but we assume the court dismissed the section 12022.5, subdivision (b) allegation because it was struck by interlineation from the information with the notation "dismissed P.C. 995."

collateral consequences of his plea. Pursuant to the plea agreement, appellant pled no contest to counts 13 and 15 and admitted the accompanying allegations. Counsel joined the waivers and plea.

The court sentenced appellant according to the parties' agreement, which was a total of 26 years 8 months in state prison. Appellant timely appealed and was granted a certificate of probable cause in order to challenge the trial court's *Marsden* ruling.

## STATEMENT OF FACTS

The information in this case was based on an ongoing kidnapping, robbery, and carjacking spree in Los Angeles by appellant and his codefendant Jose Alfredo Salas between December 14, 2011, and January 31, 2012.

**December 14, 2011** (counts 4 and 5): Around 10:15 p.m., Refugio Alonso was approached by a man identified as appellant who emerged from a gold GMC Yukon. Appellant hit him with a rifle, and another man with a bat forced him into the car. The men eventually released him, but kept his jacket and cell phone.

**December 14, 2011** (count 7): The same night, Marvin Lopez was attacked by a man with a firearm as other men yelled from a nearby car to "get him." Lopez identified appellant as his attacker from a six-pack photographic lineup shown to him by police.

**December 16, 2011** (counts 12 and 13): At 10:25 p.m., Felipe Avalos's liquor store was robbed by multiple men armed with a rifle, a bat, and a machete. Avalos identified appellant as looking like the man with the machete. Avalos's wife was also present and a victim of the robbery, and she identified appellant as the man with the bat.

**December 19, 2011** (counts 8, 9, 10, and 11): In the evening, Gerardo Diaz and Freddy Reyes were locking up their South Central Smoke Shop and walking home when a tan-colored sports utility vehicle (SUV) approached them. Two men exited with a pistol and a rifle. The man with the rifle hit Diaz with it and the man with the pistol hit Reyes with it. The men put Diaz and Reyes inside the vehicle and took Diaz's keys to the shop and stole items from there. The men then drove Diaz and Reyes to a different location and released them, stealing their cell phones and other possessions. Reyes identified appellant as the man with the pistol.

4

**January 26, 2012** (counts 14, 15, and 16):  In the evening, Ernesto Literte was carjacked, robbed, and briefly kidnapped by three men.  One or more of them had rifles and one had a knife.  Literte was eventually released without his belongings.  He identified codefendant Salas as the man with the knife.

**January 27, 2012** (count 17, alleged only against codefendant Salas):  At 9:55 p.m., Miguel Trejo was robbed at gunpoint by a man with a shotgun who jumped out of a Honda.  The driver ordered the man with the gun to take Trejo's keys as well.  Trejo identified codefendant Salas as the man with the shotgun in a six-pack photographic lineup, although he was unable to identify him at the preliminary hearing.

**January 27, 2012** (count 18):  At 10:25 p.m., Lequon Stevenson was carjacked by two men he identified as appellant and codefendant Salas.

**January 30, 2012** (count 3):  In the evening, David Torres was parking his white truck when a gold SUV stopped abruptly in the street near him.  Two Latino men exited, each with a shotgun or rifle.  One man ordered him to unlock his driver's side door and slide over.  The other man opened the passenger door and ordered him out at gunpoint. He took Torres's belongings and pushed him to the ground.  As Torres lay face down on the ground, the men drove away in the truck.

Later that evening at approximately 11:55 p.m., a white truck pulled up to Drew Washington after he parked in his car.  A man jumped out of the passenger side of the truck and demanded Washington's money while pointing a rifle at him.  The man took his money and cell phone and returned to the truck, which drove off.  Washington later identified the man as appellant and identified the rifle and his cell phone, which had been recovered.

Los Angeles Police Officer Tomas Perez was on duty at midnight on January 31, 2012, when he got a call about a robbery describing the suspect vehicle as a white truck with suspects inside who had just robbed a victim with rifles.  He saw a matching vehicle and pulled it over.  A want/warrant check revealed the vehicle was stolen.  Appellant and codefendant Salas were arrested.  An assault rifle, a BB gun, and an iPhone were recovered from the truck.

Los Angeles Police Detective Meghan Aguilar interviewed appellant and codefendant Salas the day they were arrested. Codefendant Salas told her that he and a friend named "Vasquez" formed a plan on the evening of January 30, 2012, to steal a car and rob someone. They called appellant to inform him of the plan, picked him up in codefendant Salas's gold GMC Yukon, and looked for a vehicle to carjack. They brought guns from codefendant Salas's residence. While codefendant Salas drove, appellant and Vasquez carjacked Torres's white truck at gunpoint. After the first carjacking, appellant and codefendant Salas dropped Vasquez off at his residence. Appellant then drove the stolen truck while codefendant Salas subsequently robbed Washington.

## DISCUSSION

### 1. Merits

We appointed counsel to represent appellant in this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On July 9, 2014, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

### 2. Abstract of Judgment

At the sentencing hearing, the trial court sentenced appellant to state prison and ordered him to pay restitution to the victims in an amount to be determined. Neither of the boxes corresponding to those items in the abstract of judgment was checked. Those errors must be corrected.[3]

---

[3] At the sentencing hearing, the trial court incorrectly imposed a $200 parole revocation fine pursuant to section 1202.45. The amount should have been $280, the same amount as the restitution fine pursuant to section 1202.4, subdivision (b). (§

6

## DISPOSITION

The judgment is affirmed. The superior court is directed to correct the abstract of judgment to indicate appellant must serve his sentence in state prison and he is ordered to pay restitution to the victims in an amount to be determined. The corrected abstract of judgment shall be forwarded to the Department of Corrections and Rehabilitation.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


RUBIN, J.

---

1202.45, subd. (a).) The abstract of judgment contains the correct amount so it need not be corrected.